# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Migdalia Rodríguez, <br><br> Plaintiff, <br><br> v. <br><br> WV Vacation Business LLC d/b/a Hotel Vista Azul; <br> Cooperativa de Seguros Múltiples <br><br> Defendants. | Civil No. 22-1430 <br><br> Plaintiff demands trial by jury. |

## COMPLAINT

As her Complaint against defendants, plaintiff Migdalia Rodríguez alleges and prays as follows:

### I. THE PARTIES

1. Plaintiff Migdalia Rodríguez is a citizen of the United States of America domiciled in Deltona, Florida.

2. Defendant WV Vacation Business LLC ("WV Vacation Business") is a limited liability company organized under the laws of Puerto Rico, having its principal place of business at Boulevard Jimmy Torres #100, Yauco, Puerto Rico, 00698.

3. At all material times herein, WV Vacation Business owned and/or operated the Hotel Vista Azul (the "Hotel") in Aguadilla, Puerto Rico.

4. At all material times herein defendant Cooperativa de Seguros Multiples had issued an insurance policy in favor of WV Vacation Business that covers the occurrence and damages detailed hereinafter.

## II.   JURISDICTION AND VENUE

5. There is jurisdiction over the subject matter and over the parties to this suit as all the parties on either side of the suit are of diverse citizenship, and because the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000). 28 U.S.C. § 1332.

6. Venue is proper in the U.S. District Court for the District of Puerto Rico because it is where the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a).

## III.   OPERATIVE FACTS

7. At all material times, WV Vacation Business was the owner and/or operator of Hotel Vista Azul.

8. On July 6, 2022, Migdalia Rodríguez was a business guest of the Hotel when at 9:15 p.m. she had a slip and fall accident in an outdoor area of the Hotel covered with artificial grass.

9. The accident was reported to hotel staff, and an accident report was prepared minutes after the accident.

10. The Hotel had security cameras in its premises.

11. The cameras recorded the accident.

12. On July 18, 2022, the undersigned attorneys sent by certified mail return receipt an Evidence Preservation Letter to WV Vacation Business requesting that it immediately take all necessary measures to preserve any surveillance camera footage, from any location, showing plaintiff Migdalia Rodríguez, as well as all photographs and/or images of the area where the accident occurred taken on the

day of the accident. On July 22 and August 17, 2022, the undersigned attorneys followed up on their request.

13. As of today, WV Vacation Business and/or its insurer Cooperativa de Seguros Multiples have yet to respond to the Evidence Preservation Letter.

### IV. LIABILITY

14. Under Puerto Rico law, WV Vacation Business as the owner and/or operator of the Hotel owed its guest Migdalia Rodríguez a heightened duty of care and protection.

15. The accident took place as a result of the fault and/or negligence of WV Vacation Business as detailed hereinafter.

16. There was no warning related to slippery artificial grass.

17. WV Vacation Business knew or should have known (had actual or constructive knowledge) that the artificial glass was slippery, and that a dangerous condition existed, and failed to correct it or warn of the dangerous condition.

18. For example, WV Vacation Business failed to place a warning sign, or cordon-off the area.

19. If it did not have actual knowledge of the dangerous condition, WV Vacation Business negligently failed to inform itself of the dangerous condition despite having the means and duty to do so.

20. For example, WV Vacation Business should have, but did not, employ adequate prevention measures, such as the deployment of agents to regularly patrol the premises and detect dangerous conditions such as slippery artificial grass.

21. Additionally, and in the alternative, a WV Vacation Business employee or agent created the dangerous condition, but failed to take any measures to correct it or warn others of it.

22. WV Vacation Business failed to properly train and/or supervise its employees and agents regarding the safety of business guests of the incident hotel.

23. WV Vacation Business's liability includes its direct liability and that of its agents and employees.

24. Cooperativa de Seguros Multiples is jointly and severally liable with WV Vacation Business to plaintiff Migdalia Rodríguez up to the limits of the policy, under Puerto Rico's direct action statute.

25. As detailed above, the defendants acted with *dolo*, gross negligence, and gross disregard for Mrs. Rodríguez's life and safety.

## V.  GENERAL DAMAGES

26. As a result of WV Vacation Business fault and negligence, plaintiff Migdalia Rodríguez has suffered and will continue to suffer severe bodily injury, as well as physical and mental pain and anguish.

27. Specifically, she sustained a non-displaced fracture of the humerus of her right dominant shoulder and arm, for which it was and continues to be casted, as can be seen in the attached photograph.



28. Plaintiff Migdalia Rodriguez's left wrist was also injured as a result of the accident. To date it is still immobilized.

29. As a result of the accident, plaintiff Migdalia Rodríguez has a degree or percentage of permanent impairment of both upper extremities and of her whole person to be determined by an expert.

30. Other damages include physical pain and swelling, as well as stress, inconvenience, daily mental and physical distress and discomfort, loss of use and function, and loss of the capacity for the enjoyment of life.

31. The fair compensation of the damages of Migdalia Rodríguez detailed above exceeds FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

32. In addition, given the reckless acts and/or omissions of WV Vacation Business towards to her life and/or safety, Migdalia Rodríguez claims <u>punitive damages</u>, not to exceed the compensatory damages awarded to her by the jury. Article 1538 of the 2020 Puerto Rico Civil Code.

## VI.   SPECIAL DAMAGES

32. Presently the accident-related special damages Migdalia Rodriguez are:

- Medical, medications, equipment, hospital, dietary restrictions such as visits to the Emergency Section of 2 hospitals in Puerto Rico that the Hotel said would be paid by it, but has not paid them - $1,000.00.

- Loss of income – from her employment with Volusia County Schools of $920.00 bi-weekly from August 8, 2022 until she is able to return to work.

- All present and future medical expenses/costs paid by Medicare for the accident-related injuries and treatment of Migdalia Rodríguez.

5

33. The special damages of Migdalia Rodriguez are expected to continue to increase.

## VII.  JURY DEMAND

34. Plaintiff demands trial by jury.

**WHEREFORE**, plaintiff demands judgment against defendants, joint and severally, in an amount not less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) (compensatory damages), special damages as detailed above, together with punitive damages, costs, interest from the date of filing hereof, and reasonable attorney's fees.

**Dated: September 6, 2022.**

 s/Jorge Miguel Suro Ballester
JORGE MIGUEL SURO BALLESTER
USDC-PR 121713
Email: jm@surolawoffice.com
jmsurolaw@gmail.com

s/Miguel A. Suro Carrasco
MIGUEL A. SURO CARRASCO
USDC-PR 227807
Email: masc@surolawoffice.com
miguel.suro@gmail.com

**Suro & Suro**
Attorneys for the plaintiff
P.O. Box 360784
San Juan, P.R. 00936-8784

1607 Ponce de Leon Blvd.
Apt. 11-B
Coral Gables, FL 33134
Tels.  (787) 724-5522

6