IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGDALIA RODRÍGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>WV VACATION BUSINESS LLC D/B/A HOTEL VISTA AZUL AND COOPERATIVA DE SEGUROS MÚLTIPLES,<br><br>Defendants. | CIV. NO.: 22-1430(SCC) |

**OPINION AND ORDER**

Plaintiff Migdalia Rodríguez filed suit against Defendants WV Vacation Business LLC d/b/a Hotel Vista Azul ("WV") and Cooperativa de Seguros Múltiples ("CSM") under Puerto Rico's general tort statute. *See* Docket No. 1. She claims that while at the WV she slipped and fell on artificial grass. *See id.* at 7-13. Now, she seeks to exclude Defendants' expert, Engineer Berlin Ng Cortiñas ("Eng. Ng Cortiñas"). *See* Docket No. 27. Defendants opposed the request, *see* Docket No. 31, Plaintiff filed a reply, *see* Docket No. 37 and Defendants came back with a surreply, *see* Docket No. 40. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion in limine to exclude Defendants' expert witness.

## I. ANALYSIS

The Plaintiff moves to exclude Eng. Ng Cortiñas' testimony because, she claims, it is unreliable, irrelevant and may mislead the trier of fact. Plaintiff challenges the admissibility of Eng. Ng Cortiñas' testimony on several grounds. However, because one of those reasons is enough to support this Court's decision, it exclusively focuses on that sole ground which pertains to the way Eng. Ng Cortiñas performed the coefficient of friction test.[1]

An expert's proffered testimony must "rest on a reliable foundation and [be] relevant to the task at hand." *Carrozza v. CVS Pharm., Inc.*, 992 F. 3d 44, 56 (1st Cir. 2021) (quoting *Samaan v. St. Joseph Hosp.*, 670 F. 3d 21, 31 (1st Cir. 2012)). To that end, the Court is tasked with acting as a

---

[1] For example, the parties contest the coefficient of friction measurement that should control. Plaintiff argues for a coefficient of friction measurement of .60 or above for walkways and a 0.80 or above for ramps recommended by the American with Disabilities Act. Meanwhile, the Defendants propose a recommended coefficient of friction measurement of 0.50 in accordance with the Occupational Safety and Health Administration's suggestion. But that dispute is secondary to the threshold question regarding the admissibility of the expert's testimony based on a test, which as the Court will discuss further below, does not reflect the conditions of the artificial grass at the time of the incident. Therefore, the Court need not resolve the coefficient of friction measurement dispute at this time. In any event, should the Plaintiff or the Defendants want to revisit this issue at a later juncture and justify the admissibility of this evidence the Court could reconsider.

gatekeeper to ensure that the proffered expert testimony satisfies those requirements. *See Hoover v. Hyatt Hotels Corp.* 99 F.4th 45, 58 (1st Cir. 2024). As part of its gatekeeping role, the Court considers the following three factors "(1) whether the proposed expert is qualified by 'knowledge, skill, experience, training, or education'; (2) whether the subject matter of the proposed testimony properly concerns 'scientific, technical, or other specialized knowledge'; and (3) whether the testimony [will be] helpful to the trier of fact.'" *See Carrozza*, 992 F.3d at 56 (quoting *Bogosian v. Mercedes-Benz of N. Am., Inc.*, 104 F.3d 472, 476 (1st Cir. 1997)).

The Court finds that Eng. Ng Cortiñas' educational background and work experience qualify him as an expert in the field of structural and civil engineering. So, the first factor is satisfied. The Court also understands that his testimony would be based upon sufficient facts, reliable principles, and methods. He therefore also satisfies the second factor. However, the Court does not find that Eng. Ng Cortiñas' testimony will assist the trier of fact because his testimony is premised on a coefficient of friction measurement tests performed under conditions that do not represent the conditions at the time of the alleged incident.

"'Relevant' evidence is any evidence that has a 'tendency to make a fact' that is 'of consequence in determining the action . . . more or less probable than it would be without the evidence.'" *See United States v. Ramos-Báez*, 86 F.4th 28, 68 (1st Cir. 2023) (quoting Fed. R. Evid. 401). "Relevance is 'determined on a case-by-case basis, in light of both the particular factual context and the applicable law.'" *Neece v. City of Chicopee,* 106 F.4th 83, 94 (1st Cir. 2024) (quoting *Daumont-Colón v. Cooperativa de Ahorro y Crédito de Caguas,* 982 F.3d 20, 28 (1st Cir. 2020)). Under Puerto Rico law, noncompliance with a statute, regulation, or rule may lead to liability where there is a "casual nexus between said violation or omission and the injury or damage caused." *De Bezares v. Puerto Rico Water Res. Auth.*, 112 D.P.R. 296, 302 (P.R. 1982). To the extent that certain regulations discuss the recommended coefficient of friction measurements, a coefficient of friction test may be relevant in this case. However, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presentation of cumulative evidence." Fed. R. Evid. 403.

"[T]he proponent of the evidence bears the burden of demonstrating its admissibility." *United States v. Tetioukhine*, 725 F. 3d 1, 6 (1st Cir. 2013).

Plaintiff challenges Eng. Ng Cortiñas' expert testimony because the basis for his testimony would be his expert report, which relies on a coefficient of friction test performed on dry artificial grass which did not reflect the conditions of the artificial grass at the time of the alleged incident. After all, when Plaintiff fell, the artificial grass was wet, not dry.

As previously explained, "Rule 702 . . . requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) (quoting Fed. R. Evid. 702). This follows that if the expert testimony does not concern the facts at issue, it will not assist the trier of fact.

The parties do not contest that the artificial grass was wet at the time of the incident. Therefore, the Court does not see how a test performed on dry artificial grass will help the trier of fact since the test does not recreate the conditions at the time of the alleged incident. Saying that the coefficient of friction complied with the relevant standards (whichever

| RODRÍGUEZ V. WV VACATION BUSINESS LLC D/B/A HOTEL VISTA AZUL et al. | Page 6 |
|---|---|

those may be) when the artificial grass was dry is meaningless since the artificial grass was wet at the time of the incident at issue. Had Eng. Ng Cortiñas also performed a coefficient of friction test on wet artificial grass so that the jury could have had the opportunity to consider that test vis-à-vis the one performed on dry grass, his testimony could have been helpful to the jury. But alas, that was not done. Accordingly, the Court finds that Eng. Ng Cortiñas' testimony should be excluded under Rule 702 because it will not assist the jury and under Rule 403 because its probative value could be outweighed by a danger of misleading and confusing the jury with a test that does not replicate the conditions of the artificial grass at the time of the incident and therefore cannot show whether there was compliance with relevant standards.

Two loose ends remain: First, Plaintiff claims that Eng. Ng Cortiñas' Sworn Statement at Docket No. 31-3 could be construed as a supplement to his original report at Docket No. 27-1. However, the Court need not reach the merits of that claim because the contents of the Sworn Statement would not have led the Court to reach a different conclusion than the one reached today. Second, Plaintiff flags the fact that the Defendants never sought leave of Court to file their

| RODRÍGUEZ V. WV VACATION BUSINESS LLC D/B/A HOTEL VISTA AZUL et al. | Page 7 |
|---|---|

opposition in excess of the page limit imposed by Local Rule 7(e). But ultimately the extra pages did not prejudice the Plaintiff. Certainly, Defendants should be more mindful of the Local Rules that govern in this District, but the Court sees no reason to issue a substantive ruling regarding Defendants' failure to comply with Local Rule 7(e).

## II. Conclusion

In sum, the Court **GRANTS** Plaintiff's motion to exclude Defendants' expert witness, Eng. Ng Cortiñas at Docket No. 27.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September 2024.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE